ROGER G. KNAPP v. PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY

No. 7318DC143

(Filed 28 February 1973)

Insurance § 131— action on homeowner's policy — dismissal because of arbitration award

    Findings by the trial court were sufficient to support the court's dismissal of an action to recover "additional living expense" under a homeowner's insurance policy on the ground that arbitration to determine the amount of plaintiff's loss had been conducted pursuant to the terms of the policy and that an arbitration award had been made to plaintiff.

    Judge HEDRICK dissenting.

APPEAL by plaintiff from *Kuykendall, District Judge,* 24 July 1972 Session of District Court held in GUILFORD County.

Plaintiff seeks to recover "additional living expense" under a homeowner's insurance policy issued by defendant.

There was no controversy as to the coverage, and the only question involved was the amount the plaintiff was entitled to recover. Plaintiff sought to recover the maximum limit of $2,400.00.

The loss occurred in May 1970. The complaint was filed 15 June 1971. The defendant filed an answer 30 July 1971, and among other things pleaded G.S. 58-176, together with the policy provision based thereon providing for a determination of loss by arbitration.

On 1 June 1972 the defendant filed a verified motion to dismiss the case for that while the case was pending a determination by arbitration· pursuant to the provisions of the policy

and G.S. 58-176 had taken place. The defendant set forth in the motion to dismiss that the plaintiff had appointed an appraiser; the defendant likewise had appointed an appraiser. The two appraisers had appointed an umpire; and pursuant to the arbitration procedure, the loss had been determined to be $1,291.18, for which sum the defendant had sent the plaintiff a check which the plaintiff was still holding. A copy of the appraisal signed by the two appraisers and the umpire was attached to the motion.

Based upon this motion, the district court entered a judgment finding that the arbitration had been conducted and an award made; that no objections or exceptions had been made to any of the proceedings or findings of the arbitration board. The court further found that all of the allegations contained in the motion to dismiss were true based upon statements made by the plaintiff in open court. The trial judge thereupon dismissed the action as being moot.

The plaintiff appealed from this action of the trial court.

*Donald K. Speckhard for plaintiff appellant.*

*Perry C. Henson for defendant appellee.*

CAMPBELL, Judge.

The record contains three assignments of error purporting to be based upon exceptions appearing in the record. There are no exceptions in the record. The only assignment of error meriting attention is the one to the order dismissing plaintiff's case and noting an appeal. This presents the record proper for review.

The record reveals that the findings made by the trial judge were adequate. The findings support the judgment, and no prejudicial error has been made to appear on the face of the record.

Affirmed.

Judge MORRIS concurs.

Judge HEDRICK dissents.

Judge HEDRICK dissenting.

In my opinion, prejudicial error appears on the face of the record. While defendant alleges in its answer that plaintiff was not entitled to maintain this action because defendant had served upon plaintiff a written demand for appraisal pursuant to G.S. 58-176 and the provisions of the insurance policy sued upon, the defense that the appraisal barred plaintiff's claim was not asserted in the answer or an amendment thereto as required by G.S. 1A-1, Rule 12(b). Indeed, the purported appraisal was not made until approximately three months after the answer was filed.

Defendant attempted to raise the defense of the plea in bar in its motion to dismiss. The motion does not specify the number of the rule under which the movant was proceeding as required by Rule 6 of the General Rules of Practice for the Superior and District Courts, Supplemental to the Rules of Civil Procedure. My complaint, however, is not so much as to the manner in which the defense replied upon was raised or pleaded but is more to the manner of its adjudication. The trial judge made findings of fact with respect to the plea in bar just as if there had been a hearing where evidence was offered in support of the allegations in the motion, and the majority opinion affirms the judgment entered by holding that the record reveals the findings made by the trial judge were adequate and supported by the evidence and that the findings support the judgment. Yet, there is nothing in the record to indicate the court heard or considered any evidence whatsoever except the motion and the attached copy of the appraisal.

To me, the record indicates that the trial court treated the motion as one made pursuant to Rule 12(b)(6), considered matters outside the pleadings, and disposed of the motion as provided by Rule 56. If so, the order dismissing plaintiff's claim (in effect summary judgment for defendant) would not have been appropriate unless the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, disclosed that there was no genuine issue as to any material fact and that defendant was entitled to judgment as a matter of law. G.S. 1A-1, Rule 56(c). Rule 56(e) in pertinent part provides:

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be

admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."

Defendant filed nothing in support of his motion except what purports to be a copy of the "appraisal" which was attached to, and by reference made a part of, the motion. The motion purports to be verified by defendant's counsel. It is not in affidavit form and does not purport to be made on the personal knowledge of the attorney. The copy of the appraisal attached to the motion does not purport to be a sworn or certified copy.

While the judgment does contain a recital that plaintiff admitted in open court that the allegations contained in the motion were true, there is nothing in the record to support such a recital. Moreover, since the defense relied upon as being a bar to plaintiff's claim was not asserted in the answer or an amendment thereto and the motion to dismiss did not specify the rule under which the defendant was proceeding and was not supported as required by Rule 56(e), plaintiff was never confronted with the necessity of either admitting or denying the allegations in the motion. In my opinion, the judgment dismissing plaintiff's claim is not supported by the record and I vote to reverse.